**FILED**

**AUG 2 3 2016**

Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GILBERT P. HYATT,                    )
                                     )
    Plaintiff,                       )
                                     )
        v.                           )   Civil Action No. 09-1872 (RCL)
                                     )
MICHELLE K. LEE,                     )   FILED UNDER SEAL
                                     )
    Under Secretary of Commerce      )
    for Intellectual Property and    )
    Director of the United States    )
    Patent and Trademark Office,     )
                                     )
    Defendant.                       )
                                     )
_____)

**MEMORANDUM OPINION**

This case relates to U.S. patent application 08/431,639 (the '639 application) and is brought under 35 U.S.C. § 145. This case is similar to several other § 145 claims filed by the same plaintiff. The related cases in front of this Court include 03-cv-901, 05-cv-2310, 09-cv-1864, and 09-cv-1869. This opinion should be read in conjunction with the memorandum opinions filed in those cases as the arguments and legal positions taken by the parties often overlap or are variants of each other. In this case plaintiff has filed a motion for summary judgment and defendant has filed a motion for partial summary judgment. For the reasons specified below, plaintiff's motion is denied and defendant's motion is granted in part and denied in part.

1

I.   **BACKGROUND**

The '639 application, filed on May 1, 1995, claims to be a continuation application that can be traced back to U.S. patent application 07/279,592 (the '592 application), filed on December 2, 1988. A53-54.[1] The '592 application, entitled "A Computer System Having An Improved Memory Architecture" and the '639 application, entitled "Improved Filter System Having Memory And Display Features," are among a large pool of separate applications, many related to one another, filed by Mr. Hyatt. *Id.* at A54-57; Mem. P. & A. Supp. Mot. Partial Summ. J. 4-5, ECF No. 45. Some of these applications have been granted while others have not. *Id.*

In this case the Examiner rejected the '639 application for failure to satisfy the written description requirement found in 35 U.S.C. § 112. A781-799. As in the other cases before this Court, the claims in the '639 application had been amended. Mem. Op. at __ *Hyatt v. Lee* (No. 09-cv-1864), ECF No. __; Mem. Op. at __ *Hyatt v. Lee* (No. 09-cv-1869), ECF No. __. Here, by the time they were rejected, none of the pending claims was identical to the original claims. Mem. P. & A. Supp. Mot. Partial Summ. J. 5.

Mr. Hyatt appealed to the Board of Patent Trials and Interferences (Board),[2] where he argued that his claims did not "stand or fall together" and that all had sufficient written description. A1007. However, in making the argument that his claims were patentable, Mr. Hyatt did not provide an element-by-element analysis for each of his claims, Mem. P. & A. Supp. Mot. Partial Summ. J. 7, but rather focused on those claims the Examiner focused on. Pl. Opp'n Def.'s Mot. Partial Summ. J. 8, ECF No. 54-2. The Board affirmed some of the Examiner's rejections and reversed others. *Id.* at 8-9.

---

[1] Citations to the administrative record take the form of the letter "A" followed by the page number or numbers provided in the joint administrative record, ECF No. 66.
[2] The Board is now referred to as the Patent Trial and Appeal Board pursuant to the Leahy-Smith America Invents Act, Pub. L. No. 112-29, § 3(j)(1), 125 Stat. 284, 290 (2011).

2

Defendant's motion for partial summary judgment has two primary components, 1) an argument that Mr. Hyatt may not raise new issues and 2) an argument that several of Mr. Hyatt's "product claims" fail to satisfy the written description requirement. Def.'s Mot. Partial Summ. J. 2, ECF No. 45.

With respect to "new issues," defendant argues that Mr. Hyatt was required to argue how each particular rejected claim had written description support. Mem. P. & A. Supp. Mot. Partial Summ. J. 20-23. He did not do so in front of the Board. However, he now presents "hundreds of pages of ... expert reports" for the first time in these proceedings—reports articulating the possible basis for each claim's written description support. *Id.* at 23. Defendant argues that this constitutes a "new issue" that should have been raised to the United States Patent and Trademark Office (USPTO). *Id.* Plaintiff argues that, per *Kappos v. Hyatt*, he is explicitly permitted to introduce new evidence in these proceedings and is thus not precluded from making arguments based on that evidence. 132 S. Ct. 1690 (2012); Pl. Opp'n Def.'s Mot. Partial Summ. J. 17-22.

With respect to the written description requirement, Mr. Hyatt's product claims in this case are very similar to the product claims in 09-cv-1864 and 09-cv-1869. In brief, the claims are directed to making a "product," which defendant argues lack written description support. Defendant argues, among other things, that the specification does not teach anything as broad as the language of the claims in question. Mem. P. & A. Supp. Mot. Partial Summ. J. 23-28. Plaintiff argues that there is sufficient written description support for the full breadth of the claims. Pl. Opp'n Def.'s Mot. Partial Summ. J. 23-28.

## II. LEGAL STANDARDS

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is a fact that might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In making a summary judgment determination, the court must believe the evidence of the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. However, "the mere existence of a scintilla of evidence in support of the non-moving party" is insufficient to create a genuine dispute of material fact. *Id.* at 252. Instead, evidence must exist on which the jury could reasonably find for the non-moving party. *Id.*

With respect to the requirements for written description and Mr. Hyatt's product claims, this Court has already addressed the legal standards and analyzed these issues in two other cases, 09-cv-1864 and 09-cv-1864. The law and discussion in those cases is equally applicable here and will not be repeated.

*Kappos v. Hyatt* addresses the issue of new evidence being introduced in § 145 proceedings such as this one. There, the Court held that "there are no limitations on a patent applicant's ability to introduce new evidence in a § 145 proceeding beyond those already present in the Federal Rules of Evidence and the Federal Rules of Civil Procedure." 132 S. Ct. at 1700-01. In part, the Court emphasized that though § 145 proceedings occur after USPTO proceedings, the background principles of administrative law, including exhaustion of remedies, do not apply. *Id.* at 1696-97. However, "[i]n deciding what weight to afford [new] evidence, the district court may . . . consider whether the applicant had an opportunity to present the evidence to the PTO." *Id.* at 1694.

4

### III.   CLAIMS RELATED TO "NEW EVIDENCE" OR "NEW ISSUES"

With respect to whether Mr. Hyatt may make arguments based on the expert reports not produced to the Board, defendant asks the Court to distinguish between new evidence and new issues. Def.'s Reply Supp. Mot. Partial Summ. J. 8-11, ECF No. 63. Defendant argues that because Mr. Hyatt is for the first time introducing evidence of how each specific claim has written description support, he is raising a new issue not properly before the Court. Mem. P. & A. Supp. Mot. Partial Summ. J. 13.

However, defendant does not dispute that Mr. Hyatt raised the issue of written description support to the Board. Def.'s Reply Supp. Mot. Partial Summ. J. 3. Instead, defendant argues that "the 'issue' in question is not generally whether or not Mr. Hyatt's claims comply with the written description requirement; instead the 'issue' that Mr. Hyatt seeks to raise for the first time is how the '639 specification specifically provides written description support for each claim." *Id.*

While defendant may be right that there is a distinction between new evidence—explicitly allowed under *Kappos v. Hyatt*—and new issues, the Court will not speculate as to where that theoretical boundary may lay. In this case there is no dispute that Mr. Hyatt raised the legal issue at question, written description support, in front of the Board. Further, Mr. Hyatt argued that his claims did not stand or fall together and all had written description support. Defendant now asks the Court to declare Mr. Hyatt's argument that his claims individually have written description support a "new issue," as Mr. Hyatt has produced a lengthy expert report. The Court understands Mr. Hyatt as utilizing his new evidence, not raising a new issue. If introducing an expert report on written description after having raised the issue of written description is indeed a "new issue," the Supreme Court's holding in *Kappos v. Hyatt* would be undermined as the bounds of excluded "new issues" would be coterminous with the novelty of the evidence.

5

Other district courts have understood *Kappos v. Hyatt*, as well as nearly identical arguments, the same way. For example, in *BTG Inter. Ltd. v. Kappos*, the court explained "[w]hat the USPTO calls a 'new argument' is nothing more than facts not considered by the Board, applied to specific claims." *BTG Int'l Ltd. v. Kappos*, No. 1:12-CV-00682 AJT, 2012 WL 6082910, at *6 (E.D. Va. Dec. 6, 2012). Similarly, in *Disney Enterprises, Inc. v. Kappos* the court addressed an issue that was "only implicitly if at all" raised to the Board. The court there held that "[a]lthough preventing Disney from presenting evidence . . . may be the better policy, it would be contrary to the *Hyatt* decisions." 923 F. Supp. 2d 788, 802 (E.D. Va. 2013). As *Kappos v. Hyatt* notes, "the proper means for the district court to accord respect to decisions of the PTO is through the court's broad discretion over the weight to be given to evidence newly adduced in the § 145 proceedings." 132 S. Ct. at 1700.

Accordingly, the Court finds Mr. Hyatt is not precluded from arguing that his claims individually have written description support as per his new evidence. However, given conflicting expert positions, the Court finds there are genuine disputes of material fact with respect to the associated claims: 151, 206, 214, 220-224, 228-232, 235-239, 242-246, 249, 253, 344, 364-366, 368-370, 372-374, 394-400, 404-410, 414-420, and 424-430, for which both parties requested summary judgment, as well as claims 86, 89, 95, 98, 104, 209, 215, 227, 300, 301, and 367, for which only Mr. Hyatt requested summary judgment.

### IV. <u>WRITTEN DESCRIPTION SUPPORT FOR "PRODUCT CLAIMS"</u>

Defendant has moved for summary judgment on claims 302, 303, 365, 366, 369, 370, 373, 374, 394, 395, 404, 405, 414, 415, 424, and 425. These claims are all directed to the act of making a product of some kind, either unspecified or a "disk product" or "signal product." These claims, referred to as "product claims" across the related cases now pending in front of this Court, are

similar to those in 09-cv-1864 and 09-cv-1869. The Court will not repeat its analysis, but will briefly explain why here, as there, the Court finds that Mr. Hyatt's product claims lack written description support for the full scope of the claim language.

As in the other cases, these claims generally take the form of "a process as set forth in claim X, further comprising the act of making a product." For example, claim 302 states "[a] process as set forth in claim 300, the process further comprising the act of making a product in response to the process set forth in claim 300." A1363. Here, Mr. Hyatt claims the products in question include a disk product, a signal product, an information product; an entertainment product; a physical product; a manufactured product; a processed product; an electronic product; and a communication product. Pl. Opp'n Def.'s Mot. Partial Summ. J. 26. As in the other cases, Mr. Hyatt argues that the claims are supported by the specification and that a claim is not necessarily invalid if it is broader than the specific disclosure. *Id.* at 27. The government argues that Mr. Hyatt's claim language is too broad to be fully supported by anything in the specification. Def.'s Reply Supp. Mot. Partial Summ. J. 14.

Mr. Hyatt's claim language is incredibly broad, a fact supported by his own expert. For example, a "signal product" is "a product that is, or is related to, a signal, such as a television signal." Expert Report Regarding Patentability of 08/431,639 56, ECF No. 45-1.[3] Even assuming Mr. Hyatt has written support for every specific example he claims, there is nothing to suggest that the specification teaches the full scope of possible products that are, or are related to, signals generally. While Mr. Hyatt need not specify the contours of his invention *in haec verba*, *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1352 (Fed. Cir. 2010), he did need to show that he

---

[3] While Mr. Hite, Mr. Hyatt's expert, is addressing several claims not at issue here, other claims at issue reference this explanation. For example, the report explains the written description for claim 302 can be found at the "Signal product" section, which is quoted in part above.

"truly invented the genus, *i.e.*, that [he] has conceived and described sufficient representative species encompassing the breadth of the genus." *AbbVie Deutschland GmbH & Co., KG v. Janssen Biotech, Inc.*, 759 F.3d 1285, 1300 (Fed. Cir. 2014). The Court finds that the examples provided by Mr. Hyatt are legally insufficient to cover the full scope of his claims, which are so broad as to cover any number of incredibly complex products that Mr. Hyatt does not describe.

V. **CONCLUSION**

For the reasons stated herein, defendant's motion for partial summary judgment will be granted in part and denied in part. Plaintiff's motion for summary judgment will be denied for the reasons stated herein. A separate order consistent with this opinion will be issued on this date.

Signed this 23rd day of August, 2016.

ROYCE C. LAMBERTH
United States District Judge